UNITED STATES *v.* HELLER Co. (No. 2534) [1]

1. CONSTRUCTION, PARAGRAPHS 1403 AND 1430, TARIFF ACT OF 1922—SPANGLED ARTICLES.

Articles wholly or in chief value of spangles, but not *ornamented* with them, are dutiable under paragraph 1403, Tariff Act of 1922; articles *ornamented* with them are dutiable under paragraph 1430.

[1] T. D. 41178.

2. STEEL HATPINS WITH SPANGLE HEADS.

Steel hatpins, with heads of paper wound around with strung spangles, the spangles being chief value, are dutiable under paragraph 1403, Tariff Act of 1922, as being in chief value of spangles but not ornamented with them, and are not dutiable under paragraph 1430 as being ornamented with them.

United States Court of Customs Appeals, November 4, 1925

APPEAL from Board of United States General Appraisers, Abstract 48418

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*Margaret M. Burnett*, special attorney, of counsel), for the United States.
*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellees.

[Oral argument Oct. 5, 1925, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The merchandise covered by this appeal consists of hatpins having blue steel stems with large black globular or pear-shaped heads. Dissected, it appears that these heads are composed of paper pompons around and upon which and closely adhering thereto have been wound a string or strings of black spangles, with the result that the heads are thickly and completely covered therewith. According to the testimony, these spangles are a chemical paste production and the Government's analysis shows that they are the component material of chief value. The importations were by mail and several protests are covered by the appeal.

These hatpins, according to the evidence, are worn and used solely by women for keeping a hat on the head of the wearer. They are somewhat ornamental in appearance. They are valued at over 20 cents per dozen and were assessed for duty by the collector at Baltimore at 80 per centum ad valorem under paragraph 1428 of the act of 1922.

It seems to be assumed by counsel for both the importers and the Government that at the time of their classification the collector supposed they were of metal and were, therefore, specially provided for in that part of paragraph 1428 which covers—

articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, * * * millinery, military and hair ornaments, pins * * * and like articles; * * * composed of metal.

Inasmuch, however, as upon analysis it turned out, as shown by the record, that metal was not the component material of chief

value, it is apparent that these pins were not classifiable under that part of paragraph 1428, and the Government in its brief so admits.

The importers, among other things, claimed in their protests and rely here upon the provision in paragraph 1403 for—

* * * fabrics and articles not ornamented with beads, spangles, or bugles nor embroidered, tamboured, appliquéd, or scalloped, composed wholly or in chief value of beads or spangles * * * 60 per centum ad valorem; * * *.

The Government claims that these hatpins should have been classified by the collector as articles ornamented with spangles under that part of paragraph 1430 which reads as follows:

* * * all fabrics and articles embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, * * * or ornamented with beads, bugles, or spangles, * * *; all the foregoing finished or unfinished, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of * * * bugles, spangles, * * * 75 per centum ad valorem.

And that therefore the protest which did not invoke that provision should have been overruled.

The Board of General Appraisers sustained the importers' claim that they were dutiable at 60 per centum ad valorem under the above-quoted part of paragraph 1403.

We think this conclusion must be upheld.

Paragraph 1403 provides for articles and fabrics not ornamented with spangles, composed wholly or in chief value of spangles, thereby recognizing that articles may be composed wholly or in chief value of spangles and not be ornamented with spangles, while paragraph 1430 provides for articles ornamented with spangles. In other words, it is plain that Congress contemplated that an article might be composed wholly or in chief value of spangles, but not be ornamented therewith, and if not so ornamented, that it should take classification under paragraph 1403, while if so ornamented it should be classified under paragraph 1430.

An examination of the typical samples of these hatpins and of the evidence leads us to the conclusion reached by the board that, although they are composed in chief value of spangles, they are not ornamented with them. They are, therefore, clearly within the quoted part of paragraph 1403.

The cases relied upon by the Government do not sustain a contrary view.

The judgment of the Board of General Appraisers is *affirmed.*