UNITED STATES *v.* METRO BAG WORKS (No. 3173)[1]

[1] T. D. 43472.

United States Court of Customs and Patent Appeals, June 14, 1929

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter,* special attorney, of counsel) for the United States.

*Siegel & Mandell* (*Sharretts, Coe & Hillis* of counsel) for appellee.

[Oral argument May 14, 1929, by Mr. Carter and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and GARRETT, Associate Judges [1]

GARRETT, Judge, delivered the opinion of the court:

The appellee in this case imported merchandise consisting of ladies' unfinished hand bags composed in chief value of beads. Duty was assessed by the collector at the rate of 75 per centum ad valorem under that part of paragraph 1430, Tariff Act of 1922, which reads:

PAR. 1430. * * * fabrics and articles embroidered in any manner * * * or tamboured, appliquéd, scalloped, or ornamented with beads, bugles, or spangles, * * * when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, * * * 75 per centum ad valorem.

The importer made protest which was sustained by the Customs Court and which contended that the assessment should be made under paragraph 1403 of the Tariff Act of 1922, the pertinent part of which reads:

PAR. 1403. * * * fabrics and articles not ornamented with beads, spangles or bugles, nor embroidered, tamboured, appliquéd, or scalloped, composed wholly or in chief value of beads or spangles * * * 60 per centum ad valorem.

The Government has appealed.

The issue turns upon the question whether certain threads, strung with exactly the same type of beads used in producing the body of the bag, and hanging in loops from the bottom thereof, bring the bags within a classification where they should be declared to be "ornamented with beads." If so, the assessment made by the collector of 75 per centum ad valorem, based upon the local appraiser's classification, is correct. If not, they fall under paragraph 1403 and should be assessed at 60 per centum ad valorem.

The process of manufacture was described by a witness in the proceedings had in the second division of the United States Customs

---

[1] LENROOT, Judge, did not participate in this decision, the case having been argued before he took his seat.

Court, and, on the trial of the case there, two samples of the merchandise were introduced in evidence, which are now before this court.

The evidence and the samples disclosed that the bags are made of strands of beads, each strand being composed of a number of small, uniform beads, strung upon a thread. In making each bag, extra strands are woven into or attached to the body of the bag at the same time the bag is made, in such a way as to form a succession of loose, pendulous loops along the bottom of the bag. These give an ornamental or finished look to the bag. The loops can be broken or detached from the body of the bag and leave the bag intact, as a bag.

The Government contends that the hanging beads on the bottom ornament the bags, being placed there solely for the purpose of ornamentation, and that the bags are, therefore, articles "ornamented with beads," while the importer insists that, notwithstanding the hanging beads are ornamental, they are used as a component material in the manufacture of an ornamental article and can not, therefore, be said to be an ornamentation. It is further insisted that an article wholly of beads can not be ornamented with beads so as to bring it within the scope of said paragraph 1430.

Paragraph 1430 includes "articles * * * ornamented with beads * * * composed wholly or in chief value of * * * beads * * * 75 per centum ad valorem." Paragraph 1403 includes "articles not ornamented with beads * * * composed wholly or in chief value of beads * * * 60 per centum ad valorem." There is no ambiguity in the language of either paragraph. Obviously, it was the purpose of Congress to make dutiable all articles composed of beads and to graduate the duty according to whether they were ornamented with beads or otherwise, as mentioned in the paragraphs. It must appear to any mind that there may be articles made of common beads which may have superimposed upon them or connected with them elaborate beaded ornamentation, made of beads in imitation of precious stones, or other beads, much different from and more ornamental than the beads composing the body of the article. There is no appealing reason suggested why such or similar articles may not be said to be articles composed of beads, ornamented with beads.

Referring now to the beaded bags here involved, the only remaining issue is whether the loops of beads suspended from the bottom of the bags are sufficient to constitute an ornamentation thereof. In this connection, attention is called to two cases. *United States* v. *Heller*, 13 Ct. Cust. Appls. 227, T. D. 41178, and *United States* v. *Saks & Co.*, 13 Ct. Cust. Appls. 367, T. D. 41259.

In the first of these cases, hatpins having steel stems and large heads made of paper pompons thickly covered with black spangles were involved. The contesting claims were under said paragraphs

1403 and 1430. The court said, in finding the goods to be dutiable under said paragraph 1403, in part:

> Paragraph 1403 provides for articles and fabrics not ornamented with spangles, composed wholly or in chief value of spangles, thereby recognizing that articles may be composed wholly or in chief value of spangles and not be ornamented with spangles, while paragraph 1430 provides for articles ornamented with spangles. In other words, it is plain that Congress contemplated that an article might be composed wholly or in chief value of spangles, but not be ornamented therewith, and if not so ornamented, that it should take classification under paragraph 1403, while if so ornamented it should be classified under paragraph 1430.

> An examination of the typical samples of these hatpins and of the evidence leads us to the conclusion reached by the board that, although they are composed in chief value of spangles, they are not ornamented with them. They are, therefore, clearly within the quoted part of paragraph 1403.

In the *Saks* case shoe buckles were involved. These were each composed of a metal back or frame covered with cloth and with a narrow strip of metal across the back which was used to attach the article to a shoe. The faces of the buckles were made up of glass beads so arranged as to give them an ornamental character. They were claimed by the Government to be articles ornamented with beads and to be dutiable under said paragraph 1430, while the importer made his claim under said paragraph 1403. The court said:

> We are of the opinion, from the testimony and from an examination of the two exhibits in the case, that these articles are not ornamented with beads. Beads are used, of course, for purposes of ornamentation, but in this instance they are used as a component material in the manufacture of an *ornamental* article, and were not added as ornaments to an article otherwise completely manufactured.

These cases plainly indicate the rule to be followed in such cases. If the article itself is so composed of beads, however ornamental in character they may be, that those beads constitute a material and necessary portion of the article itself, and without which there would be no article, then the article can not be said to be ornamented with beads, so as to bring it within the scope of paragraph 1430; but if beads are used in such a way as to constitute an ornamentation added to or superimposed upon the article, then the article may be said to be ornamented with beads, within the meaning of said paragraph.

The hand bags before us come within the latter classification. The small beaded loops are ornamental and are doubtless added for that purpose. They form no necessary or essential part of the bags themselves. The bags would still be bead bags if the loops were detached. Hence they come fairly within the reasoning of the *Heller* and *Saks* cases, *supra*, and are plainly covered by said paragraph 1430.

The judgment of the Customs Court is *reversed* and the cause is *remanded*.