UNITED STATES *v.* NEW YORK MERCHANDISE CO. (No. 3412)[1]

United States Court of Customs and Patent Appeals, April 27, 1931

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell*, special attorney, of counsel), for the United States.

*Siegel & Mandell (Edward P. Sharretts* of counsel) for appellee.

[Oral argument April 2, 1931, by Mr. Lawrence and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The Government has here appealed from a judgment of the United States Customs Court in a suit involving the classification of some small hand bags composed in chief value of beads.

---

[1] T. D. 44894.

A description of the manner in which the bags are made is given in the brief for appellee as follows:

The operator first strings beads on thread. These strings of beads are then wound on spools and serve as material for the construction of the bag. Using the beaded thread the operator proceeds to work it into a series of loops such as is shown in the white center of each side of the bags in evidence. A string of colored beads is then worked into the ends of the first series of loops. This second string also takes the form of loops and serves to join together the ends of the first set of loops and at the same time produces a further extension of the side. The foregoing is repeated until a side of the desired size is constructed. The same operations are performed in producing the other side of the bag. At this stage of construction each side will have a series of loops, the ends of which will not be joined together. The string of beads which the Government claims to be an added ornamentation is next worked into the loose ends of the loops on both sides, thus holding them together and at the same time joining the two sides of the bag along the edges. This string of beads also takes the form of loops precisely similar to those in the balance of the article. The ends of the loops in this case, however, are permitted to hang loose as found in the exhibits in evidence.

By reason of the last string of beads referred to in the foregoing description which, in the finished state of the bag, hangs in loops of about half an inch in length from the center of the bottom and ends, or narrow sides, of the article, the collector classified the merchandise as articles composed in chief value of beads ornamented with beads under the second division of paragraph 1430 of the Tariff Act of 1922 and assessed duty at 75 per centum ad valorem.

The importer protested, claiming the proper classification to be under the language of paragraph 1403 of said act, reading:

PAR. 1403. * * * articles not ornamented with beads, * * * composed wholly or in chief value of beads * * *, 60 per centum ad valorem.

The Customs Court sustained the protest upon the theory that the beaded thread which forms the loops was essential to the holding together of the two preformed sides of the bag, saying, after referring to *United States* v. *Metro Bag Works*, 17 C. C. P. A. (Customs) 145, T. D. 43472:

The evidence, and especially the samples, admitted in evidence clearly distinguish the hand bags involved in this case from those involved in the *Metro Bag Works* case, *supra*. In the present case the beads, which the defendant contends ornament the hand bags, constitute a material and necessary portion of the hand bag itself, and without which there would be no hand bag. No beads are added to or superimposed upon the hand bag, but the beads which the defendant contends ornament the hand bags in this case are used in the process of manufacturing, finishing, or completing a beaded hand bag. In the present case, the instant the loops of beads are detached or removed we no longer have a hand bag, but two sides or halves of that which, if properly joined together, will form a beaded hand bag. The bags will not still be bead hand bags or bags if the loops are removed or detached, while, as held by the court in the *Metro Bag* case, *supra*, "the bags would still be bead bags if the loops were detached."

The trial court also referred to the cases of *United States* v. *Heller*, 13 Ct. Cust. Appls. 227, T. D. 41178, and *United States* v. *Saks & Co.*, 13 Ct. Cust. Appls. 367, T. D. 41259, both of which were discussed by us in the *Metro Bag Works* case, *supra*.

We appreciate the fact that there appears to be a difference in the structure of the bags involved in the *Metro Bag Works* case and those here involved. In the former case the strings of beads hanging from the bottom of the article might have been clipped away and there would still have been left a bag entirely intact and capable of being used as a hand bag. In the present case, if the thread, upon which the beads that form the hanging loops are strung, were clipped the bag would necessarily come apart at the center, and its two sides or parts would have to be reunited before one would again have an article capable of use.

Notwithstanding this, however, we are convinced that the beads upon the thread with which the sides are held together were put there, and that the beaded thread was definitely formed into loops, for the express purpose of ornamentation. At any rate, whatever the purpose, a definitely ornamental result was obtained. It is the *thread* which holds the sides of the bag in place that performs the function of utility; the *pendent loops of beads* add nothing to the strength of the article and, so far as we can detect, serve no useful purpose whatsoever except to affect the article's appearance.

It is true that the beads, having been strung upon the thread before the latter was used to sew the sides together, could not now be removed without breaking the thread itself, thus severing the article, but it was a matter of choice with the makers to use a beaded instead of a plain thread for the purpose, and it was a matter of choice with them also to so insert the beaded thread as that it hangs in loops and makes an ornamental fringe, this ornamentation being wholly due to the beads.

Had the sides of the article before us been sewed together with a plain thread, and loops of beads had then been sewed separately upon it, so as to hang as the present loops hang, there can be no doubt, we think, that their classification would be controlled by the *Metro Bag Works* case, *supra*. In the method of manufacture here followed the same result of hanging loops was obtained by stringing the beads on the thread used and so manipulating the thread thus beaded as to form such loops.

It would not be safe in customs law to establish a rule that where an article composed in chief value of beads is actually ornamented with beads its classification shall be determined by the result of a particular process of its manufacture, when, had a different method of making it been utilized, producing the same result, it would have taken a different classification.

Therefore, notwithstanding the difference in the processes by which the pendent loops or strings of ornamental beads were attached to the respective bags of the two cases, we feel that the essential principle underlying our decision in the *Metro Bag Works* case is controlling here.

The judgment of the Customs Court accordingly must be and the same is *reversed.*

HATFIELD, J., dissents.