**No. 56124.**—Gimbel Bros., Inc. v. United States, protest 167522–K (New York).

FORD, Judge: The plaintiff herein filed this suit against the United States seeking to recover certain monies assessed and collected as customs duties upon an importation of handbags which were imported from France. The collector classified the handbags as articles in chief value of beads, ornamented with beads, and levied duty thereon at the rate of 50 percent ad valorem under paragraph 1529 (a) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.

Plaintiff claims said merchandise should be classified as articles in chief value of beads, not ornamented with beads, and subjected to duty at the rate of 30 percent ad valorem "under Par. 1503 and T. D. 51898."

The pertinent parts of the involved paragraphs as modified, are as follows:

Par. 1529 (a)   Fabrics and articles (except wearing apparel), ornamented, but not in part of lace, however provided for in paragraph 1529 (a), Tariff Act of 1930, but not provided for in any other item 1529 (a) of this Part:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

Other _____ 50% ad val.

Par. 1503   Fabrics and articles not ornamented with beads, spangles, or bugles, nor embroidered, tamboured, appliquéd, or scalloped, composed wholly or in chief value of beads or spangles (other than imitation pearl beads, beads in imitation of precious or semiprecious stones, and beads in chief value of synthetic resin) _____ 30% ad val.

At the beginning of the trial it was stipulated by and between counsel that the imported "bags are in chief value of beads, other than imitation pearl beads, beads in imitation of precious or semiprecious stones and beads in chief value of synthetic resin."

Theodore Ball testified for the plaintiff herein that he had been employed by Saks Fifth Avenue for the past 20 years where he had been in charge of merchandising and buying for the gold jewelry, watches, imitation jewelry, handbags, small leather goods, luggage, and umbrella departments of said store; that he had purchased the involved merchandise in France; that in connection with his duties he had been abroad possibly twice a year for the past 20 years with the exception of the war years.

Without objection by the defendant, there was admitted in evidence as exhibit 1 a handbag similar in all respects to the merchandise described on the invoice as item "26561 Beaded bags—all covered—beaded gilted metal frame   *   *   *," Referring to the construction of exhibit 1, the witness testified as follows:

A. First of all, there is metal shaped into a frame with holes in the metal, in the frame, meant to be completed by affixing to them either beads or any other materials that the manufacturer would want to use.

Q. Is wire another one of the materials?—A. Yes.   Wire is used in this instance to secure the beads to the frame.

Q. Are beads another one of the materials?—A. Beads are another one of the materials.

Q. I see.   Now, did you say that there were holes provided in the frame for the attachment of the beads?—A. Yes, otherwise the beads wouldn't be able to be attached and you can see it on the inside of the frame, the holes are just crudely put in there because they were meant to be covered and only serve their purpose to have the beads fastened by wire or by thread.   In this instance, it is wire.

Q. Is that also true of the little tab that you use on it to open?—A. The same goes for the little tab.

Q. Same method of construction?—A. Same method of construction and same purpose of construction.

The witness further testified that the frame is unfinished without the beads thereon; that the frame in such an unfinished condition could not be presented to a customer; that the unfinished frames like the one in exhibit 1 are never sold to the public; and that the beads in exhibit 1 are added to the frame to complete or finish the frame and make it into a completed bag.

On cross-examination, the witness admitted that if the beads were removed from the top and from the clasp "You will have a canvas underneath and you will have a rough frame on the top," but that in this condition it cannot be used by "Saks Fifth Avenue because we couldn't sell it."   The witness further testified as follows:

X Q.   So that the beads on the top merely ornament the bag?—A.   They complete it.   The frame without the beads is not complete.   It is a raw article.   It is half finished.   The holes are rough.   Nobody would buy it and you will scratch your hand on it if you try to open and close it.

The merchandise involved in *United States* v. *Metro Bag Works*, 17 C. C. P. A. (Customs) 145, T. D. 43472, was described by our appellate court as follows:

The evidence and the samples disclosed that the bags are made of strands of beads, each strand being composed of a number of small, uniform beads, strung upon a thread.   In making each bag, extra strands are woven into or attached to the body of the bag at the same time the bag is made, in such a way as to form a succession of loose, pendulous loops along the bottom of the bag.   These give an ornamental or finished look to the bag.   The loops can be broken or detached from the body of the bag and leave the bag intact, as a bag.

After discussing the cases of *United States* v. *Heller*, 13 Ct. Cust. Appls. 227, T. D. 41178, and *United States* v. *Saks & Co.*, 13 Ct. Cust. Appls. 367, T. D. 41259, our appellate court held the handbags there involved to be ornamented with beads, employing the following language:

These cases plainly indicate the rule to be followed in such cases.   If the article itself is so composed of beads, however ornamental in character they may be, that those beads constitute a material and necessary portion of the article itself, and without which there would be no article, then the article can not be said to be ornamented with beads, so as to bring it within the scope of paragraph 1430; but if beads are used in such a way as to constitute an ornamentation added to or superimposed upon the article, then the article may be said to be ornamented with beads, within the meaning of said paragraph.

The hand bags before us come within the latter classification.   The small beaded loops are ornamental and are doubtless added for that purpose.   They form no necessary or essential part of the bags themselves.   The bags would still be bead bags if the loops were detached.   Hence they come fairly within the reasoning of the *Heller* and *Saks* cases, *supra*, and are plainly covered by said paragraph 1430.

In the case of *United States* v. *Saks & Co.*, *supra*, the question involved was whether or not certain shoe buckles, in chief value of beads, were ornamented with beads.   In holding that said buckles were not ornamented with beads, our appellate court said:

We are of the opinion, from the testimony and from an examination of the two exhibits in the case, that these articles are not ornamented with beads.   Beads are used, of course, for purposes of ornamentation; but, in this instance, they are used as a component material in the manufacture of an *ornamental* article, and were not added as ornaments to an article otherwise completely manufactured.

The facts in the instant case bring the involved handbags squarely within the holding of our appellate court in the *Saks* case, *supra*, following which we hold that while beads are used in the production of an ornamental handbag which is in chief value of beads, the handbags in this case are not ornamented with beads.

For the reasons stated, and following the authorities cited, we hold the merchandise represented by item "26561 Beaded bags—all covered—beaded gilted metal frame," as described on the invoice, to be properly dutiable at only 30 percent ad valorem under paragraph 1503 of the Tariff Act of 1930, as modified, *supra*.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled.   Judgment will be rendered accordingly.