No. 69203.—Jorelle Bags, Inc. *v.* United States, protest 61/8440 (New York).

FORD, Judge:  The above protest is directed against the assessment of duty of 42½ per centum ad valorem on certain beaded bags, under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

It is contended by plaintiff herein that said merchandise is properly subject to duty at the rate of 25½ per centum ad valorem as, "Fabrics and articles not ornamented with beads, * * * composed wholly or in chief value of beads * * *," as provided for in paragraph 1503 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, *supra.*

The record herein consists of a stipulation entered into by and between counsel for the respective parties, wherein it was agreed that the merchandise at issue was in chief value of beads, other than imitation pearl beads, or other than beads in imitation of precious or semiprecious stones, and beads other than those in chief value of synthetic resin, as well as the testimony of one witness called on behalf of plaintiff and three exhibits offered on its behalf.  In addition thereto, the defendant offered the testimony of two witnesses called on its behalf and the parties further stipulated that exhibits 2 and 3 represented items 821 and 1067, respectively, on the invoices.

The testimony of Mr. Greenbaum, president of the plaintiff company, establishes that item 821, described as a ladies' foldover evening bag, is made in the following manner: Muslin is stretched out on a frame, the design of the bag is

then chalked on, the worker then, following the design, applies the beads from a long continuous length of beads with a hook needle. With reference to exhibit 3, referred to as a paisley bag or tapestry type bag, the witness stated that beads were sewn on the so-called tapestry material.

In the case of *United States* v. *Metro Bag Works*, 17 CCPA 145, T.D. 43472, the court had before it for consideration certain beaded bags and, in the course of its opinion, made the following comment:

> The evidence and the samples disclosed that the bags are made of strands of beads, each strand being composed of a number of small, uniform beads, strung upon a thread. In making each bag, extra strands are woven into or attached to the body of the bag at the same time the bag is made, in such a way as to form a succession of loose, pendulous loops along the bottom of the bag. These give an ornamental or finished look to the bag. The loops can be broken or detached from the body of the bag and leave the bag intact, as a bag.

After discussing the cases of *United States* v. *Heller*, 13 Ct. Cust. Appls. 227, T.D. 41178, involving hatpins, and *United States* v. *Saks & Co.*, 13 Ct. Cust. Appls. 367, T.D. 41259, involving shoe buckles, the court, in holding the handbags therein to be ornamented with beads, employed the following language:

> These cases plainly indicate the rule to be followed in such cases. If the article itself is so composed of beads, however ornamental in character they may be, that those beads constitute a material and necessary portion of the article itself, and without which there would be no article, then the article can not be said to be ornamented with beads, so as to bring it within the scope of paragraph 1430; but if beads are used in such a way as to constitute an ornamentation added to or superimposed upon the article, then the article may be said to be ornamented with beads, within the meaning of said paragraph.
>
> The hand bags before us come within the latter classification. The small beaded loops are ornamental and are doubtless added for that purpose. They form no necessary or essential part of the bags themselves. The bags would still be bead bags if the loops were detached. Hence they come fairly within the reasoning of the *Heller* and *Saks* cases, *supra*, and are plainly covered by said paragraph 1430.

In the case at bar, the above-described manner of manufacture of exhibit 2 refers only to the outside portion of the bag. On the reverse side, when unfolded, and by this we do not mean the inside, the bag consists of a white rayon material which has clusters of four of the same type of beads as appear on the front, spaced approximately 1 inch apart. It is obvious that exhibit 2 is a complete bag without the beads attached to the rayon side. This was confirmed upon questioning of Mr. Kessler by the court. Mr. Kessler testified that while the salability of exhibit 2 would be destroyed, if the beads were removed from the rayon side of the bag, the bag was, nevertheless, a complete commercial entity before the beads were sewn on. Similarly, Mr. Eskin testified that he had sold merchandise similar to exhibit 2 without the beaded ornamentation on the rayon side. From the testimony, from an examination of exhibit 2, and following the principles set forth in the *Metro Bag* case, *supra*, there is no doubt that the beads applied on the rayon side of the bag were purely for ornamentation and, accordingly, the bag is one which is ornamented with beads.

An examination of exhibit 3, the paisley bag, makes it clearly evident that the beads were sewn on the bag following the outline of the so-called tapestry pattern. The testimony of Mr. Eskin establishes that he has sold tapestry bags, similar to exhibit 3, without beads attached and which were sold as tapestry bags. Based upon an examination of the exhibit and the testimony herein, we find that exhibit 3 is likewise a complete commercial entity without the addition of the beads which are solely for the purpose of ornamentation. It is apparent that exhibit 3 is not composed of beads but merely has the beads superimposed upon the tapestry design which, under the decision in the *Metro*

*Bag* case, *supra*, brings exhibit 3 within the category of a bag, ornamented with beads.

There are two entries in the instant protest covering, among other things, the identical items, i.e., item numbers 821 and 1067. In entry 980133, which was entered under the provisions of paragraph 1529(a)(6), the description placed on the invoice by the examiner is, "Articles in cv beads, in part fringe." However, the summary sheet indicates the advisory classification to be as entered under paragraph 1529(a)(6), which is the provision for articles ornamented, etc. On the other hand, entry 708291 has the description "Articles c/v beads, ornamented P. 1529(a)." The report of the collector is of no assistance herein, since it was not timely returned. While there is some question as to the classification of the merchandise involved herein, we do not feel that it is necessary to determine whether the actual classification of the imported bags was under the provision for articles ornamented, wholly or in chief value of beads, other, or under the provision for articles wholly or in part of fringe, since both provisions impose the rate of 42½ per centum ad valorem.

Although there is considerable argument presented in both briefs relative to the question of whether the imported bags are in part of fringe, we do not deem it necessary to consider this phase of the case, in view of our conclusion that the imported bags are ornamented with beads and, as such, properly subject to duty, as classified herein by the collector of customs.

The protest is, therefore, overruled. Judgment will issue accordingly.